IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No: **7:25-cr-00433** |
| v. | |
| KATELIN LEE ABERNATHY | **PLEA AGREEMENT** |

### General Provisions

This PLEA AGREEMENT is made this _20th_ day of _Feb_ , 2025, between the United States of America, as represented by Acting United States Attorney, BROOK B. ANDREWS, Assistant United States Attorney Jamie Lea Schoen; the Defendant, KATELIN LEE ABERNATHY, and Defendant's attorney, Cassandra Gorton.

IN CONSIDERATION of the mutual promises made herein, the parties agree as follows:

1.  The Defendant agrees to waive Indictment and arraignment and plead guilty to the Information now pending, which charges: Count 1, "Possession of a Firearm by a Convicted Felon," in violation of 18 U.S.C. § 922(g), and Count 2, "Trafficking in Firearms," in violation of 18 U.S.C. § 933(a).

    In order to sustain its burden of proof, the government is required to prove the following:

### Count 1

A.  The Defendant knowingly possessed a firearm, that is a Keltech 9mm handgun;

B.   At the time of the possession, the Defendant previously had been convicted of a crime punishable by imprisonment for a term exceeding one year;

C.   The Defendant knew she had been convicted of such a crime; and

D.   The firearm had previously traveled in interstate commerce.

Penalty

Imprisonment: Up to 15 year
Supervised Release: Up to 3 years
Fine: Up to $250,000.00
Special Assessment: $100.00

## Count 2

A.   The Defendant knowingly shipped, transported, transferred, caused to be transported or disposed of a firearm to another person;

B.   The transporting, transferring, causing to be transported or disposition of the firearm was in or otherwise affecting interstate commerce;

C.   The Defendant knew or had reasonable cause to believe that the use, carrying or possession of the firearm by the other person/recipient would constitute a felony.

Penalty

Imprisonment: Up to 15 year
Supervised Release: Up to 3 years
Fine: Up to $250,000.00
Special Assessment: $100.00

2.   The Defendant understands and agrees that monetary penalties [i.e., special assessments, restitution, fines and other payments required under the sentence] imposed by the Court are due and payable immediately and subject to enforcement by the United States as civil judgments, pursuant to 18 U.S.C.

§ 3613. In the event the Court imposes a schedule for payment of restitution, the Defendant also understands that payments made in accordance with installment schedules set by the Court are minimum payments only and do not preclude the government from seeking to enforce the judgment against other assets of the Defendant at any time, as provided in 18 U.S.C. §§ 3612, 3613 and 3664(m), and 2259(b)(2). The Defendant further agrees to enter into the Bureau of Prisons Inmate Financial Repayment Program if sentenced to a term of incarceration with an unsatisfied monetary penalty. The Defendant further understands that any monetary penalty imposed is not dischargeable in bankruptcy.

    A.    Special Assessment: Pursuant to 18 U.S.C. § 3013, the Defendant must pay a special assessment of $100.00 for each felony count for which the Defendant is convicted. This special assessment must be paid at or before the time of the guilty plea hearing or during participation in the Bureau of Prisons Inmate Financial Repayment Program if this plea results in incarceration.

    B.    Restitution: The Defendant agrees to make full restitution under 18 U.S.C. § 3556 in an amount to be determined by the Court at the time of sentencing, which amount is not limited to the count(s) to which the Defendant pled guilty, but will include restitution to each and every identifiable victim who may have been harmed by the Defendant's scheme or pattern of criminal activity, pursuant to 18 U.S.C. §§ 2259, 3663, 3663A, and 3664. The Defendant agrees to cooperate fully with the government in identifying all victims. Upon demand, the Defendant shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation

Office regarding the Defendant's capacity to satisfy any fines or restitution. The Defendant expressly authorizes the U.S. Attorney's Office to immediately obtain a credit report on the Defendant in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court. The Defendant understands that the Defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

C.   Fines: The Defendant understands that the Court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572.

3.   The Defendant understands that the obligations of the government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with any bond executed in this case. In the event that the Defendant fails to comply with any of the provisions of this Agreement, either express or implied, the government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw the Defendant's plea of guilty to the offense(s) enumerated herein.

4.   The Defendant agrees to waive any and all motions, defenses, probable cause determinations, and objections which the Defendant could assert to the Information or Indictment as described in described in Federal Rule of Criminal Procedure 12(b)(3).

## **Forfeiture**

5.  The Defendant agrees to voluntarily surrender to, abandon, and not to contest the forfeiture of any and all assets and property, or portions thereof, which are subject to forfeiture pursuant to any provision of law, including but not limited to, property in the possession or control of the Defendant or Defendant's nominees. Specifically, the Defendant agrees to voluntarily surrender, and not contest the forfeiture of property identified in the Information, and any forfeiture Bill of Particulars:

    A.   <u>Cash Proceeds / Forfeiture Judgment</u>:

        A sum of money equal to all proceeds the Defendant obtained, directly or indirectly, from the transferring a firearm to a felon offense charged in this Information, and all interest and proceeds traceable thereto, and/or such sum that equals all property derived from or traceable to her violation of 18 U.S.C. § 933.

    B.   <u>Firearm</u>:

        Keltec 9mm pistol with magazine
        Serial Number: SoQ75
        Seized from: Robert Weick

    C.   <u>Ammunition</u>:

        Miscellaneous rounds of 9mm ammunition

With regard to each and every asset listed in the Information or seized in a related investigation or administrative, state, or local action, the Defendant stipulates and agrees:

    The Defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The

Defendant also hereby agrees to waive all constitutional, statutory and procedural challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

To its forfeiture herein, if necessary as substitute property under 21 U.S.C. § 853(p), as made applicable by 18 U.S.C. § 982(b)(1) or any other statute, or in a separate administrative or civil judicial proceeding.

That the Defendant has or had a possessory interest or other legal interest in each item or property.

To assist the United States in the recovery of all assets by (i) taking whatever steps are necessary or requested by the United States to pass clear title to the United States; (ii) preventing the disbursement of any moneys and sale of any property or assets; (iii) not encumbering or transferring any real estate after the Defendant's signing of this Plea Agreement; and (iv) directing all financial institutions to turn over and surrender to the United States all funds and records regarding accounts listed in any document signed by the Defendant pursuant to this plea agreement, as criminal proceeds or substitute property.

The Defendant waives all rights to notice of forfeiture under Rule 32.2 and of any other action or proceeding regarding such assets. The Defendant consents and waives all rights to compliance by the United States with any applicable deadlines under 18 U.S.C. § 983(a). Any related administrative claim filed by the Defendant is hereby withdrawn.

Pursuant to Rule 32.2(b)(4), the Defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the Defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the Defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

If the United States discovers that the Defendant has not fully disclosed all assets, the United States may seek forfeiture of any subsequently-discovered assets, and the Defendant agrees to the immediate forfeiture of any such assets.

The Defendant further agrees to make a full and complete disclosure of all assets over which Defendant exercises control and those which are held or controlled by nominees. The Defendant agrees that Federal Rule of Criminal Procedure 11 and § 1B1.8 of the United States Sentencing Commission Guidelines will not protect from forfeiture, assets disclosed by the Defendant as part of his/her cooperation. The Defendant further agrees to submit to a polygraph examination on the issue of assets if it is deemed necessary by the United States.

The Defendant agrees to waive any double jeopardy claims the Defendant may have as a result of a forfeiture proceeding against any of these properties as provided for by this Plea Agreement and agrees to waive any claims that the forfeiture described herein constitutes an excessive fine.

Forfeiture of the Defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the Defendant in addition to forfeiture. The United States may use the value of forfeited property for restitution, but is not required to do so.

6.   The Defendant agrees to voluntarily transfer all right, title, interest and claim in the above-described property and/or assets to the United States of America. The Defendant also agrees to the withdrawal and extinguishment of any claim and/or petition asserting ownership rights in the above-described property and/or assets. Furthermore, the Defendant attests, under penalty of perjury, that the Defendant owns the above-described property and/or assets free of any liens

and encumbrances, and that no other person or entity has a claim to the above-described property and/or assets.

### Merger and Other Provisions

7.    The Defendant represents to the court that the Defendant has met with the Defendant's attorney on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with the Defendant's attorney and related all information of which the Defendant is aware pertaining to the case; that the Defendant and the Defendant's attorney have discussed possible defenses, if any, to the charges in the Indictment including the existence of any exculpatory or favorable evidence or witnesses, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the Defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the government's witnesses, the Defendant's right to testify in the Defendant's own behalf, or to remain silent and have no adverse inferences drawn from the Defendant's silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this

Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

8.   The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every Defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the government in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. This waiver does not apply to claims of ineffective assistance of counsel, prosecutorial misconduct, or future changes in the law that affect the Defendant's sentence. This agreement does not affect the rights or obligations of the government as set forth in 18 U.S.C. § 3742(b). Nor does it limit the government in its comments in or responses to any post-sentencing matters.

9.   The Defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

10. The parties hereby agree that this Plea Agreement, together with any written provisions disclosed during the Rule 11 plea hearing in accordance with Fed. R. Crim. P. 11(c)(2), contain the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

2·20·25
_____
Date

2·20·25
_____
Date

_____
KATELIN ABERNATHY
Defendant

_____
Cassandra Gorton, Esquire
Defense Attorney

BROOK B. ANDREWS
ACTING UNITED STATES ATTORNEY

3/5/25
_____
Date

_____
Jamie Lea Schoen (Fed. ID # 11386)
Assistant United States Attorney